M. L. HULL *et al., Doing Business Under the Firm Name and Style of M. L. Hull & Sons, Appellees,* v. THE MASSACHUSETTS BONDING & INSURANCE COMPANY, *Appellant.*

No. 17,410.

SYLLABUS BY THE COURT.

1. ASSIGNEE OF ACCOUNT—*No Beneficial Interest—May Sue.* The rule followed that the assignee of an account may maintain action thereon, although the assignor is the party beneficially interested.

2. PUBLIC BUILDING—*Contractor's Bond—Abandonment—Limitation of Actions.* Under a statute requiring an officer contracting for the erection of a public building to take a bond from the contractor for the payment of indebtedness incurred for labor and material, and providing that no action shall be brought thereon after six months from the completion of the building, the abandonment of work upon such a building by the contractor is not to be regarded as its completion, so as to bar all actions not begun before six months from that time have elapsed, where the public officers use reasonable diligence in causing the work to be resumed and prosecuted by another contractor.

3. STATUS OF SURETIES—*Bonds for Profit.* The rule that sureties are favorites of the law does not apply to corporations engaged in the business of furnishing bonds for profit.

Appeal from Riley district court. Opinion filed January 6, 1912. Affirmed.

*W. S. McClintock,* and *A. L. Quant,* for the appellant.

*John E. Hessin, John Clarke Hessin,* and *W. A. S. Bird,* for the appellees.

The opinion of the court was delivered by

MASON, J.: Prior to July 3, 1908, the Blanchard Construction Company entered into a contract with the board of regents of the Kansas State Agricultural College, for the erection of a mechanical engineering building. The contractor gave a bond guaranteeing the payment of all indebtedness incurred for labor and material in connection therewith. M. L. and B. R. Hull, as well as several other persons, performed labor and furnished material for the contractor, and were not paid. The others assigned their claims to the Hulls, who brought an action against the surety on the bond, the Massachusetts Bonding and Insurance Company, and recovered a judgment, from which an appeal is taken.

A reversal is asked upon two grounds: (1) that the plaintiffs were not the real parties in interest, inasmuch as the assignments were made to them without consideration and for the purpose of enabling them to maintain the action; and (2) that the action was barred because brought more than six months after the contractor had ceased to have anything to do with the building.

The defendant concedes that the first contention is in conflict with *Rullman v. Rullman,* 81 Kan. 521, 106 Pac. 52, and with other cases decided by this court, but it asks a reëxamination of the question. The matter is one concerning which there has been much difference of opinion, but we are satisfied with the reasoning of the cases referred to, and adhere to the conclusion there reached.

The statute (Civ. Code, §§ 661, 662), in accordance with which the bond was given, requires that whenever any public officer shall enter into a contract for the construction of a public building, he shall take from the contractor a bond for the payment of all indebtedness incurred for labor or material; it authorizes

any one to whom any sum is due for labor or material to sue upon the bond, but provides that no action shall be brought thereon after six months from the completion of the building.

The defendant did not demur to the petition, but objected to the introduction of evidence on the ground that no cause of action was stated. It contends that the statute gives a right to sue only where action is brought before six months has expired after the completion of the building, and therefore that the petition should have showed affirmatively that such time had not expired. (25 Cyc. 1403.) As the facts were fully developed it is not necessary to consider the matter of pleading. The real question in controversy is one of substantial right, not of procedure. The contractor abandoned the work under the contract about April 17, 1909. The regents let a new contract in June, 1909, to another builder, who completed the building. This action was begun January 17, 1910. If the six months runs from the abandonment of the work by the original contractor, the action was brought too late; otherwise the judgment must be upheld.

Where a statement for a mechanic's lien is required to be filed within a fixed time after a building is completed, the abandonment of the work has been regarded as a completion for the purpose of such filing. It has even been said that the claimant must be vigilant to ascertain when the work is abandoned (*Catlin v. Douglass,* 33 Fed. 569), and held that a lien may be lost by a failure to treat the abandonment as a completion (*Basham v. Toors,* 51 Ark. 309, 11 S. W. 282). But ordinarily the rule is regarded as one of an equitable nature, intended and applied in order to prevent a miscarriage of justice. (*Shaw v. Stewart,* 43 Kan. 572, 23 Pac. 616; 2 Jones, Liens, 2d ed., § 1438.)

The mechanics' lien law however is beset with problems of its own, the solution of which need not be undertaken in order to throw light upon that here in-

volved, which is simpler, and not closely analogous.
The language of the statute is that no action shall be
brought upon the bond "after six months from the com-
pletion of said public improvements or public build-
ings." A contractor who in violation of his agreement
abandons work upon a building, refusing to complete
it at all, might be estopped to assert in his own behalf
that it was not completed, but he can not by that course
of conduct compel his creditors to accept that view. No
reason is apparent why as against him they may not
rely upon the language of the statute, and consider the
building as completed when it is actually finished—no
matter by whom. Nor does there seem to be any hard-
ship in holding that the surety has assumed an obli-
gation coextensive with that of the principal. In this
case the surety is not entitled to any more liberal treat-
ment than the principal. The rule that sureties are
favorites of the law does not apply. A corporation en-
gaged in giving bonds for profit is essentially an in-
surance company. (32 Cyc. 307.)

The defendant suggests that under this interpre-
tation of the law, if a building is abandoned and never
completed, the six months will never begin to run. If
the officers charged with the construction of a public
building should abandon all purpose of completing it,
or cause a cessation of work upon it for a long period,
a different question would be presented. The extension
of the time for suit on the bond affords the surety no
just ground for complaint, where it is occasioned solely
by the fault of his principal, even should the right of
action be kept alive until barred by the general statute
of limitations. Here the board of regents seem to have
used due diligence to cause work upon the building to
be resumed and prosecuted to completion.

The judgment is affirmed.