No. 18,625.

SCHOOL DISTRICT NO. 1 OF CLARK COUNTY, *Appellee*, v. G. F. McCURLEY et al. (THE MASSACHUSETTS BONDING AND INSURANCE COMPANY, *Appellant*).

SYLLABUS BY THE COURT.

1. BUILDING CONTRACT — *Surety Company — Construction of Surety Bond.* A bonding company engaged in the business of insuring the performance of contracts of others for pay is not a "favorite of the law" in the sense the term is applied to accommodation sureties.

2. SAME—*No Notice of Contractor's Default to Bonding Company—No Damage—Liability.* Such a company is not relieved of all liability upon a bond given by it to secure the performance of a builder's contract by reason of the failure of the obligee to give notice, according to the terms of the bond, of a failure of the builder to complete the building within the time specified, where such failure resulted in no actual loss or prejudice to the bonding company, notwithstanding the bond provides that no liability shall attach to the company unless such notice be given within a certain time after the default.

Appeal from Clark district court; GORDON L. FINLEY, judge. Opinion filed April 11, 1914. Affirmed.

*W. W. Harvey*, of Ashland, *D. A. Murphy*, of Kansas City, Mo., and *W. S. McClintock*, of Topeka, for the appellant.

*Francis C. Price*, of Ashland, for the appellee.

The opinion of the court was delivered by

SMITH, J.: This action was brought by the school district to recover on the bond of the bonding company which insured the performance of the contract on the part of McCurley, the contractor, for the building of an addition to the schoolhouse of the appellee at Ashland.

After various motions and amendments to the pleadings were made and ruled upon, the case was tried in the district court to a jury, a motion for new trial made and overruled, and a judgment rendered in favor of the school district and against the bonding company for $2271.70. The bonding company appeals. Many assignments of error are made, but only four are urged in argument. In fact the appellant seems to argue all of these assignments of error together.

To save space we will refer to the contract between the school district and the contractor as the building contract, and to the bond given by the appellant as the insurance contract. It is urged that one of the provisions of the building contract was that the building should be completed by November 15, 1908. The bond provided that no liability should attach to the surety unless, in the event of any default on the part of the principal, the appellee should immediately, upon knowledge thereof and not later than thirty days after such default, deliver to the bonding company, at its office in Boston, written notice thereof.

It is conceded that the building contract was not completed November 15, 1908, and that no notice thereof was given to the bonding company within the time prescribed. On the part of the appellant it is claimed that this is a complete bar to the appellee's right of recovery. On the part of the appellee it is contended that no damage or loss is shown to have occurred to appellant by reason of the failure to give the notice, and hence the failure to give notice thereof constitutes no defense whatever to the action.

On the trial the jury found that the building was fully completed February 20, 1909, about three months after the time specified in the contract.

The appellee, conceding the facts upon which the contention is made, alleges that the bonding company suffered nothing by reason of the failure of notice, and this is the principal question in the case—whether the notice was so far a condition precedent to the right of the school district to recover as to defeat its action, or whether, if it appears that the insurer was not injured by lack of notice, it is still liable to pay.

A marked distinction is recognized by many of the courts as to the application of the rule as between contracts of an accommodation surety and the contract of a paid surety. As to the contracts of an accommodation surety, made dependent upon a condition precedent, the courts all agree that the strict letter of the contract will be enforced; but as to the contract of a paid surety, many of the courts, especially in the later decisions, inquire whether the surety was injured by the default of the condition, and if so, they enforce it only to the extent of the injury. In *Hull v. Bonding Co.*, 86 Kan. 342, 120 Pac. 544, it was held that the rule that sureties are favorites of the law does not apply to corporations engaged in the business of furnishing bonds for profit.

In support of its contention the appellant cites *Insurance Co. v. Thorp*, 48 Kan. 239, 28 Pac. 991, in which it was held that the failure of an insured to give notice of the loss or damage by fire within sixty days after a loss has occurred, according to the contract, debarred the right of recovery. Also, *Insurance Co. v. Russell*, 65 Kan. 374, 69 Pac. 345, which held valid a stipulation in a fire insurance policy that the policy should become void if the premises should become vacant without the consent of the company indorsed on the policy. Also, *Insurance Co. v. Knerr*, 72 Kan. 385, 83 Pac. 611, in which it was held that the failure to

keep the books and invoices of the insured securely locked in a fire-proof safe, as provided in the policy, barred an action thereon. The reasons for these decisions, and others of like character, are obvious. In the Thorp case the failure to give the notice interfered with the right of the company to secure evidence of the character and extent of the loss. In the Russell case the vacancy presumably increased the hazard of loss and practically furnished a motive on the part of the insured to have a fire occur. The case of *Fire Association v. Taylor,* 76 Kan. 392, 91 Pac. 1070, although containing an expression which seems pertinent here, is not so in fact. The question there was the interpretation of an ambiguous contract. The case of *The Y. M. C. A. v. Ritter,* 90 Kan. 332, 133 Pac. 894, is also cited by the appellant, but a rehearing has been granted in that case and it is still pending.

Cases, however, are not wanting and some are cited, notably *U. S. Fidelity & Guaranty Co. v. Rice,* 154 Fed. 206, and *Knight & Jillson Co. v. Castle,* 172 Ind. 97, 87 N. E. 976, 27 L. R. A., n. s., 573, which are much like the case at bar. In these cases it was held, in substance, that the parties have the right by contract to make such conditions precedent as they may agree upon, and such agreements are enforceable in the courts.

There are, on the other hand, numerous authorities that a surety for hire, an insurer (as the appellant is in this case), is not entitled to the rule of *strictissimi juris.* In *Guaranty Co. v. Pressed Brick Co.,* 191 U. S. 416, it was said:

"The question involved is whether the ordinary rule that exonerates the guarantor, in case the time fixed for the performance of the contract by the principal be extended, applies to a bond of this kind executed by a Guaranty Company, not only for a faithful performance of the original contract, but for the payment of the debts of the principal obligor to third parties. . . . The rule of *strictissimi juris* is a stringent

one, and is liable at times to work a practical injustice. It is one which ought not to be extended to contracts not within the reason of the rule, particularly when the bond is underwritten by a corporation, which has undertaken for a profit to insure the obligee against a failure of performance on the part of the principal obligor." (pp. 423, 426.)

Whatever may be the rule elsewhere, the latter rule is well settled in this state. (See *Hull v. Bonding Co.,* 86 Kan. 342, 120 Pac. 544; *Medical Co. v. Hamm,* 89 Kan. 138, 130 Pac. 650; *Lumber Co. v. Douglas,* 89 Kan. 308, 131 Pac. 563; *The State v. Construction Co.,* 91 Kan. 74, 136 Pac. 905.)

In *Lumber Co. v. Douglas,* supra, it was said:

"The law does not have the same solicitude for corporations engaged in giving indemnity bonds for profit as it does for the individual surety who voluntarily undertakes to answer for the obligations of another. Although calling themselves sureties, such corporations are in fact insurers, and in determining their rights and liabilities the rules peculiar to suretyship do not apply." (p 320.)

It did not appear that any damage or loss was sustained by reason of the failure to complete the building within the time specified in the contract, which the notice would have enabled .it to avoid.

Again, appellant contends, "the court erred in overruling the demurrer to plaintiff's evidence; erred in refusing to direct a verdict in favor of defendant at the close of all the evidence, as requested by the defendant; erred in overruling defendant's motion for judgment on the findings, and erred in rendering a judgment against the defendant." The argument in support of this assignment is practically the same as we have already considered, viz., "it is so nominated in the bond."

We are unable to see that the appellant was prejudiced by the admission in evidence of the letters from the attorney for appellee to appellant, or in the instructions given to the jury. The latter objection is in

effect that, the appellee having failed to comply with the letter of the bond in the matter of notice, damages to appellant should be presumed in the absence of evidence thereof, which claim we can not sustain. The breach of a condition precedent in a bond given by an insurer for pay will not relieve the insurer from liability for any loss for which he would otherwise be liable unless such breach contributed to the loss.

The judgment is affirmed.

WEST, J. (dissenting) : While fully agreeing that bonding companies should be regarded as insurers and not as sureties, I dissent from the second paragraph of the syllabus and the corresponding portion of the opinion on the ground that no decision or number of decisions can furnish any authority to the court to abrogate a valid contract between competent parties and eliminate therefrom a valid condition precedent which they have placed therein. In this case the parties contracted that no liability should attach unless the specified notice should be given; it is entirely different from a contract merely to give such notice, for in that case a breach would have to cause damage before a recovery would be authorized. To eliminate such condition precedent is to make for the parties a new and different contract, which is not a judicial task.

PORTER, J.: I concur in the foregoing dissent.