No. 20,387.

THE SOUTHERN SURETY COMPANY, *Appellant,* V. R. L. HUDSON
AND THE BOARD OF EDUCATION OF ARKANSAS CITY, *Ap-
pellees.*

SYLLABUS BY THE COURT.

MECHANIC'S LIEN—*Statutory Indemnity Bond Given—No Lien Can At-
tach.* A contract entered into by a board of education for building a
schoolhouse required the contractor to give a bond for its faithful per-
formance, and also a bond for indemnity against mechanics' liens in
accordance with the statute. The same surety company executed both
bonds. That for faithful performance made liability thereunder con-
tingent upon certain conditions which were not referred to in the other
bond. Several lien statements were filed. The surety company pro-
cured assignments from the claimants and sued to enforce the liens on
the ground that the conditions referred to had not been complied with.
*Held,* that as the statute provides that no lien shall attach where a
bond such as it describes is given for the payment of claims that might ·
be a basis of liens, the giving of such a bond prevented a lien from
attaching, irrespective of any failure of the board to comply with the
terms of the other bond.

Appeal from Cowley district court; OLIVER P. FULLER, judge.
Opinion filed October 7, 1916. Affirmed.

*A. G. Moseley,* and *W. W. Herron,* both of St. Louis, Mo., for
the appellant; *Albert Faulconer,* and *C. Ward Wright,* both of
Arkansas City, of counsel.

*C. T. Atkinson,* of Arkansas City, for appellee The Board of
Education of Arkansas City.

The opinion of the court was delivered by

MASON, J.: The board of education of the city of Arkansas
City entered into a contract with R. L. Hudson for the building
of a schoolhouse, which required the contractor to give two
bonds, one for its faithful performance, and the other for in-
demnity against mechanics' liens, "as required by the laws of
the state of Kansas." Several lien statements were filed. The
surety company procured assignments of the rights of the
claimants, and brought an action to foreclose the liens, based
upon a contention that the conduct of the board had released it

from liability upon the bonds, thus making the situation prac-
tically the same as though no bond had been given.  A motion
of the board for judgment in its behalf upon the pleadings was
sustained, and the plaintiff appeals.

A copy of the contract is set out in the answer, which must
be regarded as accurate, since its correctness was not denied
under oath.  It shows that the clause upon which the plaintiff
chiefly relies reads as follows:

"It is further agreed by the party of the first part [the contractor],
that a sum of money equal to ten per cent be reserved and shall be held by
the party of the second part [the board of education] as part security for
the faithful performance of work and may be applied under the direction
of the superintendent in liquidation of any damages under this contract."

The bond against liens was approved and filed by the clerk of
the district court, and was in the form provided by statute,
(Civ. Code, § 660), running to the state for the benefit of per-
sons in whose favor liens might accrue, the condition being
expressed in these words:

"The conditions of this obligation is that R. L. Hudson will make pay-
ment of all claims arising from the furnishing of labor or material for
the purpose hereinbefore recited, which might be the basis of lien under
the provisions of the laws of the State of Kansas."

The bond for the faithful performance of the contract con-
tained this language, the italics showing the portions particu-
larly relied upon by the plaintiff:

"Provided, however, that this bond is issued subject to the following
conditions and provisions:

"First.  That no liability shall attach to the surety hereunder unless,
in the event of any default on the part of the principal in the performance
of any of the terms, covenants or conditions of the said contract, the
obligee shall promptly, upon knowledge thereof, and in any event not later
than thirty days after the occurrence of such default, deliver to the surety
at its office in the City of Muskogee, Oklahoma, written notice thereof
with a statement of the principal facts showing such default and the date
thereof; nor *unless the said obligee shall deliver written notice to the
surety at its office aforesaid, and the consent of the surety thereto ob-
tained, before making to the principal the final payment provided for
under the contract herein referred to.*

"Second.  That in case of such default on the part of the principal,
the surety shall have the right, if it so desire, to assume and complete or
procure the completion of said contract; and in case of such default, *the
surety shall be subrogated and entitled to all the rights and properties
of the principal arising out of said contract and otherwise, including all*

*securities and indemnities theretofore received by the obligee and all
deferred payments, retained percentages and credits, due to the principal
at the time of such default or to become due thereafter by the terms and
dates of the contract."*

The petition and reply allege in substance that the board
was estopped from insisting upon the surety's liability on the
bonds, because it failed to retain ten per cent of the contract
price, but paid it to the contractor at the time of the completion
of the building, making it impossible for the surety to protect
itself against any claim that might be made the basis of a
lien. The plaintiff's contention is that the contract and the
two bonds are to be interpreted as parts of one entire agree-
ment, and that the violation by the board of a provision of the
bond for faithful performance of the contract precludes its
enforcing the other bond against the surety. It is at least
doubtful whether sufficient facts are pleaded to show that any
loss to the surety resulted from a premature settlement with
the contractor—a condition necessary to a defense to the bond
based on that ground. (*School District v. McCurley,* 92 Kan.
53, 142 Pac. 1077; *Y. M. C. A. v. Ritter,* 92 Kan. 467, 140 Pac.
892.) But that question need not be determined, for the case
is controlled by another consideration. The requirement re-
garding notice to the surety before the making of the final
payment, and that relating to the subrogation of the surety to
the rights of the board, were made conditions of the surety's
liability upon the bond for faithful performance of the con-
tract, but the bond for indemnity against mechanics' liens was
complete in itself and contained no such limitation. The
present action, so far as the board of education is concerned,
is purely one for the enforcement of mechanics' liens against
the schoolhouse. Such a lien can exist only by virtue of the
act of the legislature, under the conditions there laid down.
And the statute in so many words provides that where the
contractor gives such a bond against liens as that here given,
and it is approved and filed, no lien shall attach. (Civ. Code,
§ 660.) While the obligation to furnish the bond was assumed
by the contractor as a part of his contract, its effect is de-
termined by the statute, with which it complied in all respects.
It gave protection to third persons, and when it had once been
executed, approved and filed, it was not subject to nullification

by reason of the relations of the builder and contractor. The statute says that where such a bond is given there shall be no lien. The bond was given and all basis for a lien was thereby removed. The laborers and material men had no claim against the building and their assignment could transfer none to the plaintiff.

The appellant suggests that at all events the court committed reversible error in failing to render a personal judgment, as prayed in the petition, against the contractor. The ruling complained of is the sustaining of the motion of the board of education for judgment in its favor dismissing the suit. This ruling and the ensuing judgment are to be interpreted as defining the rights of the plaintiff with respect only to the board, and not as affecting its action regarded as a personal one against the contractor.

The judgment is affirmed.