# JULY TERM, 1918.

## PRESENT:

HON. WILLIAM A. JOHNSTON, CHIEF JUSTICE.
HON. ROUSSEAU A. BURCH,
HON. HENRY F. MASON,
HON. SILAS W. PORTER,       } JUSTICES.
HON. JUDSON S. WEST,
HON. JOHN MARSHALL,
HON. JOHN S. DAWSON,

No. 20,975.

THEODORE O. LOVELAND et al., Partners as the Brenard Manufacturing Company, *Appellants,* v. FRANK P. KIBBEY, *Appellee.*

### SYLLABUS BY THE COURT.

1. SALE—*Advertising Matter—Voting Contest—Notes Given—Default of Payment—Contract Interpreted—Set-off.* Articles were sold to a retailer to be used as premiums in a voting contest, the vendor undertaking that as a result the buyer's business should increase to a stated amount, provided he carried out the contest plan and promptly met his own obligations under the contract. *Held,* that under the language of the agreement the omission of the buyer to pay at maturity the notes he had given for the goods did not result in a forfeiture of his rights under the part of the agreement with regard to the amount of business done.

2. SAME—*Verdict and Judgment.* The verdict and judgment held to have been for a wrong amount, but under the circumstances to have constituted an adjudication of the question submitted to the jury.

3. SAME—*New Trial.* A new trial ordered upon a particular issue at the option of the defendant.

Appeal from Geary district court; ROSWELL L. KING, judge. Opinion filed July 6, 1918. Modified.

*I. M. Platt,* of Junction City, for the appellants.

*L. B. Morris,* of Junction City, *Lee Monroe, James A. McClure,* and *C. M. Monroe,* all of Topeka, for the appellee.

Loveland v. Kibbey.

The opinion of the court was delivered by

MASON, J.: A partnership doing business under the name of the Brenard Manufacturing Company, of Iowa City, Ia., entered into a written contract with Frank P. Kibbey, the owner of a drug store at Junction City, to furnish him certain articles, and advertising matter to be used by him in conducting a voting contest to attract customers and thereby increase his business. He agreed to pay $400 therefor, and gave six notes for that aggregate amount, the last one maturing in six months. The notes were unpaid, and the company brought action on them, obtaining a judgment for $105. The plaintiffs appeal, contending that they should have recovered the full face of the notes.

The trial court held that various grounds of defense set out in the answer were untenable or unsupported, and submitted to the jury the single question whether the defendant was entitled to a credit upon the notes by reason of provisions of the contract with reference to the amount of business done by him. The contract was in the form of an order given by the defendant and accepted by the plaintiffs, reading:

"On your approval of this order, deliver to me at your earliest convenience, F. O. B. factory or distributing point, the De Luxe Grafonola, Sewing Machine, Watches, Silverware and Advertising Matter described on this and reverse side, in payment for which I herewith hand you my six notes, payable to your order, aggregating $400.00. If order is not approved and shipped by you the notes are to be cancelled and returned to me. My last twelve months sales were $18,000.00. My next twelve months sales to be $22,000.00 and that if 1 9-11 percent of my gross sales does not amount to four hundred dollars ($400.00) for the next twelve months you will pay me the deficiency in cash, and send your bond for $400.00 to cover this agreement with me. To make this last above clause binding upon you I agree to take the shipments promptly, carry out the contest plan, promptly meet all obligations entered into under this agreement, keep the De Luxe Grafonola and other articles listed below well displayed in my store, issue votes for each cent purchased and every sixty days of this contract to report to you my gross sales, and promptly furnish you all information you request to enable you to assist in pushing the contest."

The defendant testified that his sales for the year following amounted to $16,025.50. The court instructed the jury that if this was the case, and if he had performed the conditions of the contract on his part, he should be allowed a credit for the dif-

ference between $400 and 1%1 percent of the gross sales for the year.

The plaintiffs contend in substance that the prompt meeting of all obligations on the part of the defendant was a condition precedent to his availing himself of the agreement with regard to the amount of his sales, and that by failing to pay the notes at maturity he lost the right to claim any benefit under that clause of the contract. The written agreement bears internal evidence of having been prepared with much adroitness to further the interests of the plaintiffs. For illustration, the phrase "my next twelve months sales to be $22,000" is adapted to convey the idea that the plaintiffs warranted that the adoption of their plan would result in the defendant's doing that amount of business; but a careful reading of the whole paragraph discloses that, in effect, all they undertook to do, in case the sales fell short of the sum named, was to allow a credit on the defendant's notes equal to a little less than two percent of the deficiency. In view of the character and phraseology of the contract, we think it should be construed somewhat strictly against the plaintiffs and rather liberally in favor of the defendant. It does not in terms provide that a failure to pay the notes at maturity shall bar the defendant from any benefit under the provision regarding the amount of business. It merely says that to make such provision binding on the plaintiffs the defendant agrees promptly to meet all obligations on his part under the agreement. Inasmuch as by signing the notes he had already promised to pay them when due, this new pledge on his part did not literally add anything to his engagements. Considered broadly, the purpose of the last paragraph of the contract seems to be to give assurance that the defendant would do his share to give the plaintiffs' plan of increasing patronage a fair chance. In view of that fact, we think it should be so construed that no default on the part of the defendant should forfeit his right to a rebate, in case the sales fell short of the amount specified, unless it was of such character that it affected unfavorably the volume of business done. The principle is that applied in the construction of a class of insurance contracts. (*School District v. McCurley*, 92 Kan. 53, 142 Pac. 1077.) The omission of the defendant to take up his notes as

they matured manifestly had no effect upon the amount of his sales, and therefore did not cause any loss of his rights in relation thereto.

2. The plaintiffs also contend, and the contention is well founded, that the rebate to which the defendant was entitled because his sales amounted to but $16,000 is a mere matter of computation, and is not sufficient to reduce the recovery to $105—the amount of the verdict and judgment. It does not follow that a new trial of the issue should be granted on this account. The verdict necessarily implied a finding that the defendant sold but $16,000 worth of goods, and that he had done his part in carrying out the agreement. The fact that the jury overestimated the resulting credit does not impair the force of such finding, since it does not indicate passion or prejudice, and the true amount can be arrived at by computation. Therefore, the judgment must be taken to establish the fact that the defendant is entitled to a credit on the notes amounting to substantially $109 and interest.

3. The record would perhaps justify directing a judgment for the face of the notes and interest, less this amount. But there was some testimony concerning a delay in the delivery of one article, and the failure of another to come up to any reasonable standard, which might afford a basis for a further credit on the notes. Although the court appears not to have submitted this issue to the jury, it is possible that the verdict was approved because of the evidence referred to, and a new trial upon that matter may subserve substantial justice.

The proceedings so far had will be taken as establishing the right of the defendant to a credit of $109 and interest. The judgment will be set aside and the cause remanded with directions to render judgment for the amount due on the notes, less this credit, provided that, if the defendant so desires, a new trial shall be granted solely upon the question whether he is entitled to any further set-off by reason of the matters already specifically referred to—the delay in the delivery of one article and the failure of another to measure up to a reasonable standard.