10,762.

ALLEN, ET AL. *v*. WELLS, ET AL.

Decided July 7, 1924.

Action by subcontractor against the contractor for balance due. Judgment for plaintiff.

*Affirmed.*

1. MUNICIPAL CORPORATIONS—*Public Works—Subcontractor.* Subcontractors on a city water works system filed their verified statement of claim with the city clerk under section 5408, R. S. 1908, for balance due them for work. Held, that this was not an election that would bar an action against the principal contractor.

2. *Public Works—Limitation of Actions.* Under section 9514, C. L. '21, the six months period within which an action may be brought by a subcontractor for a balance due, begins at the time of the completion of the work, and not at the time of the abandonment of work by the principal contractor.

*Error to the District Court of the City and County
of Denver, Hon. Charles C. Butler, Judge.*

Mr. ERNEST MORRIS, Mr. L. WARD BANNISTER, Mr.
SAMUEL M. JANUARY, for plaintiffs in error.

Mr. JOHN D. WARFIELD, for defendants in error.

*Department Three.*

MR. CHIEF JUSTICE TELLER delivered the opinion of the
court.

THE plaintiffs in error were contractors for a part of the
work of building a system of water works for the city of
Sterling, Colorado.    Defendants in error, Wells and
Clavey, partners under the name of C. Wells and Com-
pany, were subcontractors, under plaintiffs in error, on the
said work.    Wells and Company completed their contract
about March 13, 1920, and plaintiffs in error, Allen and
Murphy, abandoned their work under said contract with
Sterling, on May 5, 1920, before the completion of the work
which they had contracted to do.    When Wells and Com-
pany finished their work there was a balance due them
from the principal contractors, and they filed a verified
statement of their claim with the city clerk of Sterling, un-
der section 5408, R. S. 1908, a part of an act passed in
1899.

This action is by Wells and Company against Allen and
Murphy to recover the balance due on the subcontract.
Special findings were made by the jury to the effect that
the work which Allen and Murphy were under contract to
perform was completed after the 13th day of March, 1921.
Suit was begun September 13, 1921.    The plaintiffs had
judgment for the amount of their claims, and the defend-
ants bring error.

In behalf of the defendants it is urged, first, that the fil-
ing of the certificate of claim was in effect a payment by
the defendants to Wells and Company, there being funds in
the hands of the city due to Allen and Murphy under their

contract; and, second, that the action is barred under the statute of 1915, which appears as 9514, C. L. 1921, by which the bringing of a suit is limited to a period within six months "after the completion of the work."

It is the contention of counsel for the defendants that the statute of 1915 is to be interpreted as requiring this suit to be brought within six months after the contractors, Allen and Murphy, ceased work. So interpreted the action was barred by the statute.

As to the first contention we are clearly of the opinion that the filing of the verified claim was not, as counsel contends, an election of remedies. The statute of 1899, and that of 1915, were intended for the protection of laborers and material men, and we find nothing in either which indicates a purpose to deprive one, who has filed a claim under the earlier statute, from proceeding to recover by suit against the original contractor under the later statute. The statute of '99 was repealed by an act effective February 15, 1921. If the contention of counsel for defendants is correct, the remedy of the plaintiffs would be against the city of Sterling as agent or trustee for the plaintiffs. The statute did not make the city, under the circumstances of this case, a debtor of Wells and Company. It appears in the record that the city of Sterling completed the work which had been abandoned by the contractors, and at the time of the trial was claiming that Allen and Murphy was indebted to the city in a considerable sum expended in finishing the work after its abandonment by plaintiffs.

We cannot agree with the contention of counsel that the six months period for the bringing of suit is to be computed from the time that the work was abandoned by the principal contractors. Section 9514, *supra*, requires contractors of public works to give a bond conditioned for the prompt payment of all amounts due to material men or laborers, or subcontractors, incurred "in the prosecution of the work provided for in such contract." It provides, further, that "such action for material furnished or labor

rendered shall be brought within six months after the completion of the work and not afterwards." The work referred to in the last sentence is the work mentioned in the preceding part of the section, that is "the work provided for in such contract." We have no doubt that this is a proper interpretation of the statute. That being so, the suit was brought in time and the plaintiffs were entitled to bring it notwithstanding the filing of a certified claim. The judgment is therefore affirmed.

MR. JUSTICE WHITFORD and MR. JUSTICE SHEAFOR concur.