Lindenberger v. Zweifel.

---

No. 27,698.

Ralph C. Lindenberger, *Plaintiff,* v. Mrs. Emma May Zweifel et al., *Appellants* and *Cross Appellees;* The Detroit Fidelity and Surety Company, *Appellee* and *Cross Appellant;* J. W. Shaw, C. E. Friend, Olson Brothers, a Partnership, Lewis Arnold and The Lawrence Building and Loan Association, *Defendants.*

(262 Pac. 538.)

SYLLABUS BY THE COURT.

1. Mechanics' Liens—*Bond to Prevent Lien—Rights of Surety Paying Claims —Liability of Property.* The effect of giving the bond provided for by R. S. 60-1412 is to prevent mechanics' liens from being filed against, or attaching to, the property. A surety on such bond, who pays claims of laborers and materialmen, is not entitled to have a judgment for the amount paid decreed to be a lien on the property.

2. Same—*Bond to Prevent Lien—Rights of Surety Paying Claims—How Determined.* The rights of a surety on a bond, provided for by R. S. 60-1412, to be reimbursed for moneys which it has paid out by reason of having signed the bond, is to be determined by the terms of the contracts of indemnity it took therefor, or by the liability of others who signed the bond with it.

3. Same—*Bond to Prevent Lien—Validity as Statutory Bond.* The facts thav the bond provided for by R. S. 60-1412 was not given until after a part of the work had been done, and was then given for the amount then unpaid on the contract instead of for the full amount of the contract price, and though promptly filed with the clerk of the court was not by the clerk noted

Mechanic's Lien, 40 C. J. pp. 329 n. 37, 330 n. 60, 331 n. 95 new.

as being filed or approved by him until some time later, do not render the bond invalid as a statutory bond.

Appeal from Douglas district court; HUGH MEANS, judge. Opinion filed January 7, 1928. Affirmed in part and reversed in part.

*M. A. Gorrill* and *Henry H. Asher,* both of Lawrence, for the appellants and cross appellees.

*John J. Riling, Edward T. Riling* and *A. B. Mitchell,* all of Lawrence, for appellee and cross appellant, the Detroit Fidelity and Surety Company.

The opinion of the court was delivered by

HARVEY, J.: This is an action to foreclose a mechanic's lien and for the determination of the rights of the several parties to the action, as raised by the respective pleadings. In order to state the specific questions for our determination it is necessary to make a brief statement of the facts disclosed by the record, which are substantially as follows: William Zweifel and Emma May Zweifel, his wife, decided to build a residence on a lot in Lawrence, the title to which was in the name of Emma May Zweifel. William Zweifel entered into a written contract with T. W. Robinson by which Robinson agreed to build the residence in accordance with the plans and specifications for the sum of $4,900, and to pay for all labor and material. After the work had started, and $1,400 had been paid to Robinson, in order to obtain the money for the completion of the residence, William Zweifel and wife borrowed $3,000 from the Lawrence Building and Loan Association, and secured the same by a mortgage on the lot. This association required that a bond, as provided by R. S. 60-1412, be given to secure payment of claims of laborers and materialmen and to prevent mechanics' liens from being filed against the property. William Zweifel and T. W. Robinson made application to the Detroit Fidelity and Surety Company for such bond. In this application they agreed to indemnify the surety company for any loss it might sustain by reason of signing the bond. The bond, in the statutory form, in the penal sum of $3,500 (the amount yet to be paid on the contract), was executed by William Zweifel and T. W. Robinson, as principals, and the Detroit Fidelity and Surety Company, as surety, and filed with the clerk of the district court. The building and loan association then completed the loan, and under a supplemental agreement deposited the amount of the loan, $3,000, in the Watkins National Bank, to be checked out as the work progressed on the joint check of William Zweifel and the

attorney in fact of the surety company. T. W. Robinson constructed the residence and was paid the full contract price, $4,900, but he did not pay for a part of the material and labor used in the construction of the building. Ralph C. Lindenberger, J. W. Shaw, E. C. Friend, Olson Brothers and Lewis Arnold, who had furnished material or labor for the construction of the building, and who had not been paid, respectively filed mechanic's lien statements in the office of the clerk of the district court. Ralph C. Lindenberger brought this action to foreclose his lien. He made defendants the other mechanic's lien claimants, William Zweifel and Emma May Zweifel, T. W. Robinson, the building and loan association, and the surety company. The case was tried to the court. It was decreed that the mortgage to the building and loan association was a first lien upon the property; and no one complains of this. Because the bond had been given to prevent the filing of mechanics' liens, and such liens attaching to the property, the court canceled of record the mechanic's lien statements filed with the clerk of the court. The court found the amount due the respective claimants for labor and material and rendered judgment in their favor against the surety company. The court also rendered judgment in favor of the surety company for the aggregate amount of such claims against William Zweifel and T. W. Robinson and decreed that the amount of this judgment should be a lien on the real property on which the residence was constructed, second to the lien of the building and loan association.

Emma May Zweifel has appealed and complains of that portion of the decree which made the judgment rendered in behalf of the surety company a lien upon her property. The surety company has appealed, and contends that the statute (R. S. 60-1412) was not sufficiently complied with to make the bond valid; second, that the court erred in not rendering judgment in its favor against Emma May Zweifel. It further contends that if the bond was valid the court correctly decreed the judgment in favor of the surety company to be a lien on the property.

Taking up, first, the appeal of Emma May Zweifel: Was the court correct in decreeing the judgment of the surety company to be a lien upon her property? The statute under which the bond was given reads as follows:

"The contractor or owner mentioned in this act may execute a bond to the state of Kansas for the use of all persons in whose favor liens might accrue

by virtue of this act, conditioned for the payment of all claims which might be the basis of liens; which bond shall be in a sum not less than the contract price, and with good and sufficient sureties, whose qualifications shall be verified in accordance with this code, such surety as shall be approved by the clerk of the district court in the county in which the property is situated, and shall file such bond in the office of said clerk before work shall be commenced or material delivered on such contract, and when such bond is so approved and filed no lien shall attach under this act, and if when' such bond is filed liens have already been filed, such liens shall be discharged. Suit may be brought on said bond by any person interested." (R. S. 60-1412.)

It will be noted that the very purpose of giving this bond is to prevent liens for labor and material from being filed against or attaching to the property. That purpose would be entirely destroyed if all it did was to effect a change of parties in whose favor the lien was made from the original lien claimants to the surety company. When the owner of the property contracted with the contractor to construct the building for a stated amount, the contractor to furnish labor and material, that contract itself, if carried out, would prevent liens for labor and material attaching to the property. The purpose of the bond was to assure the owner that the contractor would comply with the contract on his part. It was made for the benefit of the owner, as well as for the benefit of the owner's mortgagee, the building and loan association.

In *Surety Co. v. Hudson*, 98 Kan. 775, 160 Pac. 209, where a bond had been given similar to the one in question, the surety company bought up the liens of laborers and materialmen and sought to have the amount established as a lien against the property. The right to do so was denied. The court said:

"Such a lien can exist only by virtue of the act of the legislature, under the conditions there laid down. And the statute in so many words provides that where the contractor gives such a bond against liens as' that here given, and it is approved and filed, no lien shall attach. . . . The bond was given and all basis for a lien was thereby removed. The laborers and materialmen had no claim against the building and their assignment could transfer none to the plaintiff." (pp. 777, 778.)

See, also, 40 C. J. 330, where there is a general discussion of the subject and this case is cited.

The surety company, in becoming surety on the bond, could do so, of course, under such terms as it was willing to assume the obligation; that is, it could charge a definite premium which should be paid to it, and in addition it could require the contractor, or others,

to indemnify it against loss or to sign the bond as principals. The right of the surety company to be reimbursed for any money it has to pay out by reason of its having executed the bond as surety necessarily depends upon the terms of any agreement by which some one agreed to indemnify it for such loss, or to be the principal on such bond. Here the surety company took the agreement of William Zweifel and T. W. Robinson to indemnify it against loss, and took them as principals on the bond, with itself as surety. It has no contract for Emma May Zweifel to be bound upon the bond in any event; hence, it is not in position to ask for a judgment against her, nor to ask that any judgment it obtains against William Zweifel and T. W. Robinson be made a lien upon her property. It necessarily follows that the judgment must be reversed in so far as it decrees the judgment in favor of the surety company to be a lien upon the property of Emma May Zweifel.

What we have already said disposes of one of the questions raised by the appellant, the surety company, namely, its contention that it should have had a personal judgment against Emma May Zweifel. The surety company had no contract relation with Emma May Zweifel. She did not agree to be bound on the bond in any capacity, or to indemnify the surety company in the event it had to pay. In the trial court there was an effort made to show that there was a parol promise of Emma May Zweifel, either to sign the bond as principal, or to become bound to the surety company to indemnify it in the event it was not paid; but that was controverted, and the finding of the trial court is against the contention of the surety company. The purpose, so far as the owner of the property was concerned, in having the bond given was to have security that Robinson, the contractor, would perform the contract on his part by paying for the labor and material that went into the building. It was Robinson's obligation that was to be secured by this bond.

The surety company contends that the bond is not valid as a statutory bond under R. S. 60-1412 for the reason that it was for less than the contract price, and was not filed with the clerk of the district court before the work was commenced and was not approved by him until after the building was completed. The bond was executed June 24, 1925. At that time the building had been partly constructed, and $1,400 had been paid by the owner to the contractor. The bond was for $3,500, which was the balance to be paid

on the contract price. It was left with the clerk of the district court to be filed June 25, 1925, and at some time later, the exact date is not shown, he marked it "Filed June 25, 1925," and on January 12, 1926, he marked it as being approved by him. There is nothing to indicate that the clerk disapproved the bond at any time, and we do not regard his delay in noting the date of filing, and his approval, as being of any consequence. Neither does the fact that the bond was for less than the contract price, and that it was given and filed after the work on the building was commenced, render the bond invalid. The parties knew the condition of the work at the time the bond was given, and had a reason for the amount named in the bond. In *Griffith v. Stucker*, 91 Kan. 47, 136 Pac. 937, the bond was not given until after the work was completed, and it was not filed with the clerk of the district court, but it was held valid as a statutory bond.

From what has been said it necessarily follows that the judgment of the court below must be reversed, in so far as it decrees the judg-. ment in favor of the surety company to be a lien upon the property of Emma May Zweifel, and in other respects that it be affirmed. It is so ordered.