### No. 19,628.

THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF REPUBLIC, *Appellant,* v. THE UNITED STATES FIDELITY & GUARANTY COMPANY, *Appellee,* and HENRY M. ROTH.

#### SYLLABUS BY THE COURT.

1. PLEADINGS—*Motion to Make Definite and Certain—When Motion Will Lie.* The motion to make definite and certain lies only when the pleading attacked is so indefinite and uncertain that the nature of the charge or defense is not apparent. (Civ. Code, § 122.) This does not mean indefinite and uncertain according to the refinements and technicalities of the common-law system of pleading, and a pleading is sufficient as against the motion which fairly apprises the adversary of what the claim or defense is.

2. INDEMNIFYING BOND—*Failure to Give Notice of Default of Principal—When a Defense to Action on the Bond.* The defendant gave a bond to indemnify the plaintiff against loss resulting from breach of a contract to do public work. The bond contained the following provision:

    "*First:* That no liability shall attach to the Surety hereunder unless, in the event of any default on the part of the Principal in the performance of any of the terms, covenants or conditions of the said contract, the Obligee shall promptly and in any event not later than thirty days after knowledge of such default, deliver to the Surety at its office in the City of Baltimore, written notice thereof, with a statement of the principal facts showing such default and the date thereof; nor unless the said Obligee shall deliver written notice to the Surety at its office aforesaid, and the consent of the Surety thereto obtained, before making to the Principal the final payment provided for under the contract herein referred to."

    It is held that the notices provided for were intended to afford the insurer an opportunity to protect itself against loss should it need and should it be able to do so. Failure to give the notices did not affect the liability of the insurer unless loss resulted as a direct consequence, and then only to the extent of the loss, which the defendant was required to plead and prove.

Appeal from Republic district court; JOHN C. HOGIN, judge. Opinion filed July 10, 1915. Reversed.

*H. H. Van Natta,* county attorney, for the appellant; *W. D. Vance,* and *R. E. McTaggart,* both of Belleville, of counsel.

*Nelson J. Ward,* of Belleville, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The action was one to recover on a bond given to indemnify the plaintiff against loss resulting from breach of a contract to curb and gutter the public square in the city of Belleville. A demurrer was sustained to the petition and the plaintiff appeals.

The petition pleaded the contract with the contractor, the bond given by the defendant, performance of the work, and payment of the price to the contractor. The contract was dated June 1, 1911. It provided that the work should be done according to certain specifications and that the whole curb and gutter should continue in perfect condition for two years from date of completion and acceptance. On completion of the work the contractor was to notify the county board, who within ten days were to inspect the work and if it complied with the contract were to pay for it. The work was to be completed in sixty days. The bond was dated June 5, 1911, and contained the following provision:

"First: That no liability shall attach to the Surety hereunder unless, in the event of any default on the part of the Principal in the performance of any of the terms, covenants or conditions of the said contract, the Obligee shall promptly and in any event not later than thirty days after knowledge of such default, deliver to the Surety at its office in the City of Baltimore, written notice thereof, with a statement of the principal facts showing such default and the date thereof; nor unless the said Obligee shall deliver written notice to the Surety at its office aforesaid, and the consent of the Surety thereto obtained, before making to the Principal the final payment provided for under the contract herein referred to."

The petition charged that the work was not done according to the specifications, the particulars being stated, so that it was unsuited to the purpose for which it was designed, but that the contractor so completely covered up his nonobservance of the specifications that it was impossible to detect the defects in the work, which were not revealed until shortly before January 27, 1913, when the defendant was notified by registered mail of the contractor's default.

A motion was made to require the plaintiff to itemize the

breaches of the contract, to itemize the plaintiff's damages, to state when the plaintiff learned of the contractor's default, to state when the plaintiff notified the defendant of the contractor's default, and if a written notice were given the defendant, to attach a copy to the petition. The motion was overruled. It is argued that the petition should be construed strictly against the plaintiff because it induced the court to overrule the motion, and that the demurrer admits no facts defectively pleaded to which the motion was directed. (*Stewart v. Balderston,* 10 Kan. 131.) This might be true if the petition were defective and the motion ought to have been sustained, but such is not the case.

The motion to make definite and certain is available when the pleading is so indefinite and so uncertain that the nature of the charge or defense is not apparent. (Civ. Code, § 122.) In the early days of the code, while the courts still rested under the spell of the refinements and technicalities of the common-law system of pleading, the motion to make definite and certain was a formidable weapon, because definiteness and certainty then meant dividing between the north and northwest portions of a hair. The true meaning of the code expression, "so indefinite and uncertain that the nature of the charge or defense is not apparent," was not grasped. Now that pleadings are regarded according to their true purpose of fairly apprising the adversary of what the claim is to be, the function of the motion is much restricted. In this case the very specifications which were not complied with were enumerated. There were no items of damage except a curb and gutter substantially worthless, for which the plaintiff paid $1695. The petition stated the defendant's place of business and post-office address to be Baltimore, Md., the place mentioned in the bond, and pleaded sending to the defendant by registered mail on June 27, 1913, a written notice notifying it of the contractor's default, which notice the defendant received. The default was discovered "a very short time" before the notice was mailed and the notice was followed by communications from the defendant. The defendant knew what the notice it received contained, and could scarcely fail to understand from the petition the nature of the plaintiff's claim, so that the defendant's standing is no better than it would have been if the motion had not been filed.

The demurrer merely raised again the question whether or not the notices required by the quoted portions of the bond are conditions precedent to liability, technical compliance with which must appear on the face of the petition.

The legal status of a surety company like the defendant is well defined in this state. It is an insurer for pay and does not occupy the position of the ordinary surety, who voluntarily undertakes to make good the default of his principal. The bonds which it dictates to those in need of them are to be interpreted to accomplish indemnity against loss sustained. Notice of default and notice of final payment are not cast-iron conditions precedent to liability, but are reasonable reservations made to afford the insurer an opportunity to protect itself against loss should it need and should it be able to do so. If no notice be given but no loss result as a direct consequence, liability is not affected. Actual damage resulting from failure to give notice must be pleaded and proved as a defense.

The foregoing principles were definitely established by the decision in the case of *School District v. McCurley*, 92 Kan. 53, 142 Pac. 1077, which collates the earlier Kansas cases, and by the decision in *The Y. M. C. A. v. Ritter*, 92 Kan. 467, 140 Pac. 892, on rehearing. The statement in the opinion in the latter case that the views expressed in the former opinion were adhered to related to the construction placed on the bond and contract with reference to retention of a percentage of the contract price. The doctrine discussed in the former opinion, that failure to retain the required percentage until after notice and permission to pay would discharge the bonding company absolutely, was not applied, but, on the other hand, the cause was remanded for the express purpose of ascertaining if injury did result. The concluding portion of the second opinion reads as follows:

"The judgment will be reversed and remanded with directions to find the amount of each estimate and the payments thereon, and the amount retained in the hands of the association, and to find whether or not the surety company lost by reason of the failure to comply with this provision of the contract and bond. The appellant is only entitled to defend the action to the extent it has been injured, if any, by such failure." (p. 467.)

The syllabus in the McCurley case reads as follows:

"1. A bonding company engaged in the business of insuring the per-

formance of contracts of others for pay is not a 'favorite of the law' in the sense the term is applied to accommodation sureties.

"2. Such a company is not relieved of all liability upon a bond given by it to secure the performance of a builder's contract by reason of the failure of the obligee to give notice, according to the terms of the bond, of a failure of the builder to complete the building within the time specified, where such failure resulted in no actual loss or prejudice to the bonding company, notwithstanding the bond provides that no liability shall attach to the company unless such notice be given within a certain time after the default."

The result is the petition stated a cause of action.

The matter of notice of default is fully covered by the decision in the McCurley case.

So far as the other notice is concerned, the writer's opinion is that the form of the bond was the stock form which is used when partial payments are made on estimates as work progresses, a final percentage being reserved. In this form of bond "final payment" is the last payment of a series, and the term does not apply to the entire contract price payable on completion of the work. However this may be, assuming the statements of the petition to be true, in order to defeat recovery because notice was not given before final payment the defendant must satisfy a jury that it possessed and would have used extraordinary means of testing the character of the contractor's work, so that if notified it would have discovered the defects which it was impossible for the plaintiff to discover, and would have stopped final payment to the contractor.

The judgment is reversed and the cause is remanded with direction to overrule the demurrer to the petition.