Nos. 25,650, 25,896.

ROBERT C. MAYSE, *Appellee*, v. THE GREAT AMERICAN
INSURANCE COMPANY, *Appellant*.

### SYLLABUS BY THE COURT.

1. HAIL INSURANCE—*Growing Wheat—Notice of Loss or Damage to be Given Within Forty-eight Hours—Requirement Not Unreasonable.* A hail insurance policy covering growing wheat contained a provision requiring that notice of loss or damage to the crop must be mailed to the insurer within forty-eight hours after loss or damage. *Held,* the provision was not unreasonable.

2. SAME—*Petition Demurrable.* And where a petition set out a copy of the policy containing the stipulation that notice of loss must be given within forty-eight hours, and that the notice was not given for five days, it was subject to demurrer.

Appeal from Clark district court; LITTLETON M. DAY, judge. Opinion filed February 7, 1925. Reversed.

*Bennett R. Wheeler, S. M. Brewster, John L. Hunt* and *V. V. Scholes,* all of Topeka, for the appellant.

*Robert C. Mayse,* of Ashland, *pro se.*

The opinion of the court was delivered by

HOPKINS, J.: These cases are submitted together. They were actions to recover on insurance policies for loss of growing wheat by hail. Demurrers by the defendant to the petitions were overruled, and defendant appeals.

The questions presented are whether the petitions stated causes of action when they showed that the provisions of the policies with reference to furnishing notice of the loss were not complied with, and whether they sufficiently alleged the furnishing of proof of loss. The petitions alleged substantially that on May 13, 1919, on plaintiff's application, the defendant issued two policies of insurance, insuring plaintiff against loss by hail on two fields of wheat. Copies of the policies were attached to the petitions. Among other things, the policies provided that the insured should within forty-eight hours after the happening of damage or loss by hail send a report thereof to the general agent at McPherson, Kan.; that the defendant company should not be liable for any loss or damage unless the notice was furnished within the time prescribed. They also provided for the furnishing of proofs of loss within sixty days after

the loss; that the loss should be payable when the proofs thereof had been furnished, and that no suit should be maintainable until after full compliance by the assured with such requirements. The petitions then alleged that on or about June 13, 1919, the plaintiff suffered a loss by reason of a hailstorm and was damaged in the sum of $600; that on or about a week after such damage occurred, and as soon as plaintiff became aware of such loss, he caused a notice in writing of such loss to be served upon the defendant by its agent at Ashland, Kan.; and that, in response to such notice, the defendant sent to the premises its agent and adjuster, who inspected and examined such loss on behalf of the defendant. The petitions also contained a general allegation that "plaintiff has duly performed all conditions precedent to recovery of defendant this loss."

The defendant relies on a provision of the policy which reads:

"Within forty-eight hours after the happening of any loss or damage by hail to the crops herein described, . . . the assured shall send by registered mail to A. J. Shaw, general agent, McPherson, Kan., a written notice stating the number of this policy, the day and hour of the hailstorm, the amounts of other insurance against hail, if any, and the probable percentage of damage to the crops on each parcel of land herein described; and this company shall not be liable for any loss or damage unless such notice thereof is so furnished to this company within said time, and no other form of service or notice shall be deemed proper notice within the provisions and meaning of this policy."

It is contended by the defendant that this provision embodied in the policy is required to meet a situation peculiar to the hail insurance business; that it is conceded by insurance adjusters that it is practically impossible to distinguish between loss of wheat from hail damage and grasshopper damage unless the injured crop is examined almost immediately thereafter. It is argued, we think with sound reason, that inasmuch as the defendants' liability under the policies was restricted to loss from hail damage and from no other cause, it had a right to know the cause of the damage, and that it was, therefore, necessary that the insurer make investigation of the loss immediately after such loss occurred. With this in mind the contract fixed the time within which notice should be given to the insurer at forty-eight hours. This limit gave the plaintiff a reasonable time to report his loss and also gave the defendant an opportunity to investigate the loss at a time when the investigation would show the cause and amount of the loss. Under the circumstances we cannot say that the condition was unreasonable. The

plaintiff relies on *Hawthorne v. Protective Association*, 112 Kan. 356, 359, 210 Pac. 1086, where it was said:

" 'The time allowed by the policy for giving notice begins to run when the particulars or results of an accident are ascertained, where these are not immediately apparent' (1 C. J. 475), and that 'if the insured or the beneficiary under the policy does not know that the accident was the cause of the injury, the giving of the notice within the prescribed time after he learns that the accident was the cause of the injury is a sufficient compliance with the provisions for such notice' (14 R. C. L. 1334)."

Hawthorne had swallowed a staple. He first thought that it had gone down his throat. He was advised that such was not the case, and nearly two years later an X-ray examination disclosed that the staple was imbedded in his bronchial tube. He had it removed by operation and immediately made claim on account of his disability. The facts in the Hawthorne case and the principle applied thereto are not applicable to the facts in the instant case. In the Hawthorne case the results were not immediately apparent. Here they were. The ordinary rule is that notice of the injury or loss is for the benefit and protection of the insurer. (*Republic County v. Guaranty Co.*, 96 Kan. 255, 150 Pac. 590.) In the Hawthorne case the failure to give notice within the time specified in the contract did not in any wise change the situation of the parties. The injury and damage from the accident remained ascertainable until the time of giving notice. In case the loss or damage is by hail the fact must be ascertained almost immediately thereafter.

The plaintiff ably contends that the matters concerning lack of notice of loss or lack of proof of loss are properly put in issue only by answer, after which the plaintiff in reply may allege matters constituting a waiver or estoppel on the part of the defendant. Also, that the general allegation of performance of conditions precedent was sufficient for the purposes of pleading to put such matters in issue.

We cannot concur in that view. The provision in the contract for forty-eight hours' notice was, under the circumstances stated, a reasonable one. Failure to give such notice was a defense to plaintiff's claim. The petition stated that defense and it thereby became demurrable. The case is analogous to one where a petition shows on its face that the action is barred by the statute of limitations. While the ordinary rule is that the defendant must plead the bar of the statute of limitations, yet if the petition shows on its face that the cause of action is barred a demurrer thereto will lie. (*City of*

*Leavenworth v. Douglas,* 59 Kan. 416, 53 Pac. 123; *Mercantile Co. v. Rooney,* 114 Kan. 840, 220 Pac. 1048.)

The judgment is reversed and the cause remanded with directions to sustain the demurrer.

HARVEY, J., not sitting.