No. 27,437.

ROBERT C. MAYSE, *Appellee*, v. THE GREAT AMERICAN INSURANCE COMPANY, of New York, *Appellant*.

SYLLABUS BY THE COURT.

HAIL INSURANCE—*Notice of Loss—Waiver of Requirement by Agent's Offer of Payment*. In a policy insuring a crop against loss by a hailstorm it was stipulated that notice of the loss must be given to the insurance company within forty-eight hours after a loss has occurred. A loss was sustained but notice thereof was not given by the insured within the stipulated time, but several days thereafter a belated notice was given to the insurance company, whereupon it sent an authorized agent to inspect the injured crop and adjust the loss, who after an inspection found and stated that a loss had been sustained, and offered to make a payment thereon, but the insured declined to accept the amount offered: *Held*, that the action of the company in the inspection, negotiations for settlement and offer of payment, operated as a waiver of the failure to give notice within the prescribed time.

Appeal from Clark district court; KARL MILLER, judge. Opinion filed June 11, 1927. Affirmed.

*Bennett R. Wheeler, S. M. Brewster, John L. Hunt, V. V. Scholes*, all of Topeka, and *H. R. Daigh*, of Ashland, for the appellant.

*Francis C. Price* and *Floyd N. Cossman*, both of Ashland, for the appellee. *Robert C. Mayse*, of Ashland, *pro se*.

The opinion of the court was delivered by

JOHNSTON, C. J.: This action was brought upon a hail-insurance policy which provided among other things that a notice of the loss by hail to crops should be given within forty-eight hours after the happening of the loss, and that the company should not be liable for any loss unless notice thereof is furnished to the company within the time mentioned. It is conceded that the notice was not given within the prescribed time. In the original petition of plaintiff no mention was made of the waiver of the policy provision, but the court gave the plaintiff permission to amend his petition and set up the matter of waiver of the policy as to notice, and in the amendment he alleged that several days after the lapse of the forty-eight-hour period and about a week or ten days after the loss occurred notice was given to the company, whereupon the adjuster of the company came to the

Fire Insurance, 26 C. J. p. 403 n. 30. Hail Insurance, 29 C. J. p. 208 n. 57 new; 4 A. L. R. 1304.

Mayse v. Great American Ins. Co.

farm and investigated the injury done to the crop and then offered to pay plaintiff five per cent of the loss. The plaintiff testified that he did not learn of the loss until the time notice was given, and that then he promptly called up the agent of the company over the telephone and informed him of the loss; that the agent prepared a formal notice and sent it to the company and the receipt of the notice was acknowledged. A few days later the adjuster for the company appeared and, with a farm-bureau agent of the county, investigated the effect of the hailstorm and the extent of the injury to plaintiff's crops. At the end of the inspection he found and stated that there had been a loss and approved it to the extent of five per cent of the crop, and while in the field offered to pay plaintiff that amount. The plaintiff declined to accept that sum and asked the inspector to consult certain neighbors who had inspected the field, but this was not done and no part of the loss has been paid. There was evidence that plaintiff was damaged by the hailstorm to the extent of twenty-five to thirty per cent. A demurrer to plaintiff's evidence was overruled and the defendant elected to stand upon the demurrer and offered no evidence. The court, among other things, instructed the jury that if the authorized agent and adjuster of the company in fact attempted to make an adjustment of the loss or a compromise with plaintiff, he would be relieved from service of the notice and proof of loss required by the terms of the policy. The jury found that the adjuster, Jones, was the duly authorized and acting adjuster for the company, had authority to determine and adjust the loss, that plaintiff suffered a loss from the hailstorm mentioned, and that the amount of the loss was $480. The defendant appeals.

There was a former appeal of the case involving the question whether the provision of the policy requiring that notice of loss be given within forty-eight hours was unreasonable and therefore invalid. It was held not to be unreasonable and the judgment reversed, but the question of waiver was not considered. (*Mayse v. Insurance Co.*, 117 Kan. 662, 232 Pac. 865.) The petition, as we have seen, was subsequently amended setting up a waiver of the notice, and on that issue the finding was in favor of the plaintiff. The earlier decision settled the question that the provision for notice within forty-eight hours was valid and leaves open only for present consideration the matter of waiver of the requirement. It is insisted by plaintiff that while the requirement that a specified notice be given may be waived in some cases, it can never be done after the

time for giving it has expired. When the time for notice expired the insurance company could have sat still, ignored the belated notice and escaped liability, but it acted upon that notice, acknowledged its receipt, sent its agent to adjust the loss, who found that a loss had been sustained by plaintiff, and after the investigation endeavored to compromise and to pay a part of the loss. In that action the insurance company treated the lack of notice as immaterial and the loss as a subsisting claim, and by the offer of payment admitted liability under the policy.

In *Assurance Co. v. Bradford,* 60 Kan. 82, 55 Pac. 335, it was stipulated in a policy that overinsurance would operate to forfeit the insurance contracted; the insurance company, with knowledge of the overinsurance, made no claim of forfeiture, but entered into negotiations with the insured for the settlement of the loss, and its action was deemed to be a waiver of the right to a forfeiture which had been incurred. In the decision reference was made to *Titus v. Glens Falls Ins. Co.,* 81 N. Y. 410, and the following quotation was made and applied:

"It may be asserted broadly that if, in any negotiations or transactions with the insured, after knowledge of the forfeiture, it, [the insurer] recognizes the continued validity of the policy, or does acts based thereon, or requires the insured by virtue thereof to do some act or incur some trouble or expense, the forfeiture is as matter of law waived; and it is now settled  .  .  .  that such a waiver need not be based on any new agreement or an estoppel." (p. 419. See, also, *Insurance Co. v. Munger,* 49 Kan. 178, 30 Pac. 120; *Insurance Co. v. Allen,* 69 Kan. 729, 77 Pac. 529; *Ætna Ins. Co. v. Simmons,* 49 Neb. 811; *Marblestone Co. v. Assur. Co.,* 204 N.W. 42 [Minn.]; *Levy v. Insurance Co.,* 10 W. Va. 560.)

In *Bennett v. Union Central Life Insurance Co.,* 203 Ill. 439, it was held that although liability on a policy had terminated and the insurer could have insisted on a forfeiture—

"Still, it is well settled that if it should subsequently recognize the policy as still subsisting, and should treat with the assured in a manner inconsistent with the insistence that the policy had become forfeited, and in such manner as to indicate that it was not its intention to claim that the policy had lost its vitality, a case would be presented justifying the conclusion the company had waived the right to insist upon a forfeiture." (p. 447.)

A waiver may be effective upon the ground of election and it is not essential that it should amount to a technical estoppel. (*Insurance Co. v. Ferguson,* 78 Kan. 791, 98 Pac. 231; *Prentice v. Knicker-*

*bocker Life Ins. Co.*, 77 N. Y. 483; *Germania Fire Ins. Co. v. Pitcher,* 160 Ind. 392; *Kiernan v. Dutchess County Mut. Ins. Co.*, 150 N. Y. 190.)

As to the contention that there can be no waiver after the default has been incurred it has been said:

"It is universally recognized that a provision in a policy that a breach of warranty shall avoid the policy is inserted for the benefit of the insurer and may be waived by it, as well *after* as before a forfeiture has been incurred, and that no new consideration is essential to support such a waiver." (14 R. C. L. 1155.)

*United Workmen v. Smith,* 76 Kan. 509, 92 Pac. 710, is a recognition of the rule that a party may waive a forfeiture already incurred. In *Ring v. Assurance Co.,* 100 Kan. 341, 164 Pac. 303, it was decided that:

"A tender of a substantial sum in full settlement of the plaintiff's claims operated as a waiver of all claimed defects in the proof of loss and of the proof itself, notwithstanding a provision of the policy that no one could waive such proofs." (Syl. ¶ 2.)

It has also been said that:

"A distinct recognition of liability by the insurer, as by an offer to pay all or a part of the loss, amounts to a waiver of formal notice and proof of loss or of defects therein." (14 R. C. L. 1349. See, also, *Wildey v. Sheppard,* 61 Kan. 351, 59 Pac. 651; *Ludlum v. Insurance Co.,* 113 Kan. 333, 214 Pac. 619, 215 Pac. 282; 26 C. J. 403.)

The matter of waiver is in part a question of fact, and we are of opinion that the action of the insurance company amounted to a waiver of the stipulated notice and that the finding of the jury was warranted by the evidence.

No error is seen in the instruction given by the court or in the proceedings, and therefore the judgment must be affirmed.

HARVEY, J., not sitting.