No. 38,049

B. M. BROWN, *Appellant*, v. GREAT AMERICAN INSURANCE COMPANY OF NEW YORK, *Appellee*.

(224 P. 2d 989)

Opinion filed December 9, 1950.

*Patrick J. Warnick*, of Wichita, argued the cause, and *Alan B. Phares* and *Clyde M. Simon*, both of Wichita, were with him on the briefs for the appellant.

*John E. Boyer*, of Wichita, argued the cause, and *George J. Hondros, Paul J. Donaldson, Harold T. Beck* and *Montell L. Dunn*, all of Wichita, were with him on the briefs for the appellee.

The opinion of the court was delivered by

THIELE, J.: This is an appeal from the ruling of the trial court sustaining the defendant's demurrer to the plaintiff's evidence.

At some undisclosed date, but subsequent to March, 1949, the plaintiff commenced his action against the defendant, alleging that defendant had issued its policy of insurance insuring a certain automobile owned by the plaintiff against loss by theft and that on March 3, 1948, while the policy was in force the automobile, of the value of $2,242.54, was stolen and had never been located, recovered or returned to plaintiff; that plaintiff had duly fulfilled all of the conditions of the insurance policy and had given due notice and proof of loss as required by the policy and the state of Kansas; that the defendant had failed and refused to pay plaintiff the amount of his loss although demand had been made and he prayed judgment for the above amount.

Defendant's answer admitted issuance of the insurance policy but denied that plaintiff had suffered such a loss as to cause the defendant to be liable under its terms, and further denied that plaintiff ever complied with its terms with respect to notification or proof of loss or that it was liable to plaintiff in any sum.

Plaintiff's reply was a general denial.

We here note that plaintiff, in his petition and in his reply, did not plead any waiver by the defendant company of its right to notice or to proof of loss.

At the trial the plaintiff produced his evidence to which the defendant demurred on the ground it failed to prove a cause of action against the defendant; that the evidence affirmatively showed the terms and conditions of the policy had not been complied with by the plaintiff; that compliance with such conditions was a condition precedent to recovery and that recovery was barred. The trial court held, as against the demurrer, that there was ample evidence to determine as a matter of law that a larceny had been committed, but that the evidence did disclose failure of the plaintiff to file his proof of loss within the sixty-day period provided in the policy and that the plaintiff was barred. In view of that ruling our review of the evidence is limited.

The insurance policy issued by the defendant named as the insured "Bankers Investment Company and Automobile Dealers Named Herein" and covered loss by theft under coverages and exceptions not presently important. The "Conditions" made part of the policy included the following: Under 1 (b) when loss occurs the insured shall give notice of the loss as soon as practicable to "the company or any of its authorized agents" and under 1(c) the insured shall file proof of loss with the company within sixty days after occurrence of loss, unless such time is extended in writing by the company, in the form of a sworn statement of the insured setting forth certain required information, the details of which need not be set forth. Under Condition 11 notice to an agent or knowledge possessed by an agent shall not effect a waiver or a change in the policy or estop the company from asserting any right under it nor shall the terms of the policy be waived or changed except by endorsement issued to form a part of the policy. By endorsement attached to the policy it appears that plaintiff and many other dealers were included in and covered by the policy of insurance.

Plaintiff's evidence further showed that he financed his operations as a used car dealer by loans procured from Bankers Investment

Company, the home office of which was in Hutchinson, Kan., but which maintained a branch office in Wichita where one Allison was the manager. The Investment Company required its borrowers to maintain insurance on the automobiles which were mortgaged to it to secure advances made. The Investment Company does no insurance business but it procured the insurance policy in question from Bankers Service Incorporated of Hutchinson, which was the agent of the defendant company. One Wesley was in charge of the Bankers Service Incorporated. The Investment Company and Bankers Service were separate and distinct corporations which occupied the same offices in Hutchinson but maintained distinct departments. Bankers Service had no office in Wichita.

Plaintiff's evidence further showed at some length that on March 3, 1948, he sold the automobile in question to a man calling himself Wilson, receiving in payment a check on a bank in Perry, Okla. He permitted Wilson to take the automobile but retained the certificate of title which he delivered to the Investment Company and caused to be sent with Wilson's check to the Oklahoma bank for collection. Through Wilson's fraud the check was not honored and it was eventually returned to the Investment Company and then to plaintiff. We need not discuss Wilson's fraud. The automobile has never been recovered. After plaintiff discovered the check was not honored he reported what had occurred to the police at Wichita and to the federal authorities there. With respect to notice of loss and proof of loss the abstract discloses that plaintiff, testifying in his own behalf, stated that the Investment Company at Wichita notified him the check had been returned; that he went and got the check and told of his loss; that he talked with Allison and asked him if the insurance would cover the loss and Allison said he did not think it would, but he would have to consult Wesley; that later he had another conversation with Allison who told him the policy did not cover the loss. Allison, called as a witness, testified he was the manager of the Wichita branch of the Bankers Investment Company; that the base policy of insurance was kept in Hutchinson and he did not have a copy and did not show a copy to the plaintiff; that he knew of the loss from talking with plaintiff; that later he talked with Wesley about the manner in which Brown lost his car but that the matter of a claim was not discussed as neither the Investment Company nor Brown made any claim at that time; that in March, 1949, Brown made out a proof of loss and gave it to the witness who in turn sent it to Wesley in Hutchinson; that he had

told Brown it was his personal opinion he was not covered by the insurance, but he had heard nothing further about the matter until in March, 1949. Later Allison testified that each month he collected the premiums due from the various dealers covered, made out a report listing each automobile and the amount for which it was insured and sent the premiums and list to Bankers Service of which Wesley was the managing officer and that witness did not work for that company; that insurance for the Investment Company is written not only in the defendant company but in other companies. The only other witness was an adjuster of the Western Adjustment and Inspection Company which handled assignments from the defendant company. Early in April, 1949, this particular assignment was given witness and he discussed Brown's proof of loss and the loss with plaintiff's attorney, at which time witness stated the company would not pay for the reason the loss was not a theft under the policy. Some sort of a document was prepared but its substance is not set forth in the abstract nor is any copy attached.

Although the trial court held there was ample evidence for it to determine as a matter of law that a larceny had been committed of a car covered by the policy of insurance, the appellant directs our attention to authorities supporting such a holding. In view of the trial court's ruling in appellant's favor and that there is no cross-appeal by the appellee, we need not devote any space to the portion of the demurrer raising the question. The only question for us is whether appellant's evidence disclosed notice of loss to the "company or any of its authorized agents" and that the company, with such notice, denied the loss was covered by the policy of insurance and thereby waived proof of loss.

Directing attention to *Protective Union v. Whitt*, 36 Kan. 760, 14 Pac. 275, a life insurance case in which the Union on being notified at the death of the insured refused payment on the ground he was not a member of the Union and where it was held that by so doing it waived proof of death, and to *Winchel v. National Fire Ins. Co.*, 129 Kan. 225, 282 Pac. 571, a fire loss case, in which timely notice of the fire was given the company which denied liability on the ground the policy was void and it was held the company waived proof of loss, and also to *Nichols v. Casualty Co.*, 113 Kan. 484, 214 Pac. 1111 and *Boberg v. Fitchburg Mutual Fire Ins. Co.*, 127 Kan. 787, 275 Pac. 211, holding that representations made by a soliciting agent, apparently within the scope of his authority, are binding on

the company, as well as to authorities from other jurisdictions to like effect, appellant argues that when he learned he had been defrauded he immediately notified Allison, manager of the Investment Company, and asked him if the loss was covered by the insurance policy; that Allison told him he didn't think so but would consult Wesley, agent of the Bankers Service, the agent of the defendant company, and later Allison told him he was not covered. On the assumption that the evidence thus showed notice to the defendant company he contends that he was lulled into a feeling it would be useless to file a formal proof of loss; that Allison's statement was a denial of liability by the company and a waiver of the proof of loss requirement of the policy and that his failure to file a proof of loss within the prescribed time did not cause a forfeiture of his rights under the policy.

Assuming that his evidence discloses a previous course of dealing by the appellant, the Investment Company and the Bankers Service as to previous claims against the defendant company, he argues further that his notice of loss to Allison was sufficient and that he was entitled to believe that filing a proof of loss would be a vain and useless procedure. Through inadvertence or otherwise he directs attention to an Illinois case which he cites as being reported in 76 A. L. R. 34, although it is not, and he then quotes at length not from the case but from page 34 of the annotation beginning on page 33 on "Liability Insurance, clause with respect to notice of accident, claim, etc., or with respect to forwarding suit papers." The quotation made is not in point on the question of waiver and needs no discussion.

The gist of appellee's argument is that the purpose of provisions for notice and proof of loss is to allow the insurer to form an intelligent estimate of its rights and liabilities and to afford it an opportunity to investigate to prevent fraud upon it (citing 29 Am. Jur. 824); that reasonable provisions requiring notice of loss and proof of loss are enforceable and binding (citing *La Harpe Farmers Union v. United States F. & G. Co.*, 134 Kan. 826, 8 P. 2d 354, and *Bowling v. Illinois Bankers Life Ass'n*, 141 Kan. 377, 41 P. 2d 1012) (see also *Mayse v. Insurance Co.*, 117 Kan. 662, 232 Pac. 865) and that while there may be waiver of proof of loss by the company in certain situations such as pertained in *Winchel v. National Fire Ins. Co.*, supra, relied on by appellant, that under the facts disclosed by plaintiff's evidence there was no waiver, and, inferentially, that appellant

did not think so for as a matter of fact he did file a proof of loss in April of 1949 or something over a year after the loss occurred, a time too late for the company to make an effective effort to trace and recover the automobile.

We cannot agree with appellant's contention. His evidence disclosed no course of dealing that warranted any conclusion that Allison, the agent and employee of the Investment Company was the agent of the defendant insurance company for any purpose whatever. All that Allison did was for the company which employed him. There is no evidence that Allison, by any act of his, held out to appellant that he represented the defendant company in any manner. In their conversations Allison, in response to appellant's question, did say that he did not believe appellant's loss was covered by the policy of insurance and he repeated that statement after he talked with Wesley, but at neither of these times did appellant assert he believed he was covered or that he was going to make a claim. Even though it be assumed that Allison's conversation with Wesley was a notice to an authorized agent of the defendant company of the loss, under Condition 11 of the policy it was stipulated that such knowledge did not effect a waiver or estop the company from asserting its rights under the policy. There is no showing that the defendant company, nor any one authorized by it to do so, denied liability on the policy prior to the time fixed for filing proof of loss, so that it might be said to have waived the filing of a proof of loss.

We think appellant's evidence failed to disclose a waiver of the policy provision for filing proof of loss within sixty days from occurrence of the loss.

No question is raised concerning the sufficiency of the pleadings to raise the question of waiver and we shall not discuss it. See *Gillett v. Insurance Co.*, 53 Kan. 108, 36 Pac. 52 and *Allen v. Gheer*, 98 Kan. 228, 158 Pac. 17, and cases cited.

The ruling of the trial court is affirmed.

WERTZ, J., did not participate.