**NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., Plaintiff,**

v.

**THE RESOLUTION TRUST CORPORATION,[1] as Receiver for Pioneer Savings and Loan Association, and as Conservator of Pioneer Savings and Loan Association, et al., Defendants.**

**Civil Action No. 94–2088–GTV.**

United States District Court, D. Kansas.

April 15, 1996.

---

**1.** Pursuant to the Resolution Trust Corporation Completion Act, 12 U.S.C. § 1441a(m)(1), the Resolution Trust Corporation was terminated on December 31, 1995. The Federal Deposit Insurance Corporation statutorily succeeded the Resolution Trust Corporation as Receiver and Conservator for Pioneer Savings and Loan Association in this action.

Richard D. Rhyne, Charles H. Stitt, Charles M. Thomas, Kenton E. Snow, Julie Keith Athey, Paula E. Hosler, Craft, Fridkin & Rhyne, Kansas City, MO, for plaintiff.

Taylor Fields, Fields, Brown, Williams & Clark, Kansas City, MO, Brenden W. Webb, Fields & Brown, Kansas City, MO, John S. Torkelson, Ford, Yungblut, White & Salazar, P.C., Dallas, TX, for Resolution Trust Corporation.

Taylor Fields, Fields, Brown, Williams & Clark, Kansas City, MO, for Pioneer Federal Savings and Loan Association.

## MEMORANDUM AND ORDER

VAN BEBBER, Chief Judge.

This matter is before the court on plaintiff's motion (Doc. 67) for summary judgment, pursuant to Fed.R.Civ.P. 56(b). Defendant has responded (Doc. 74) and opposes the motion. For the reasons set forth below, plaintiff's motion is granted.

## I. BACKGROUND

Plaintiff brought this declaratory judgment action seeking the court's determination regarding two fidelity bonds that plaintiff issued to Pioneer Savings and Loan Association ("Pioneer"). In its Complaint, plaintiff requests rescission of the two bonds and a declaration that it has no liability to Pioneer under those bonds. In the present motion, plaintiff seeks summary judgment on these claims. Plaintiff also asserts that the court's determination that plaintiff has no liability under the bonds would render as moot its claim for rescission of the bonds.

Defendant Resolution Trust Corporation, as conservator and receiver of Pioneer, responds that summary judgment is inappropriate. Defendant argues that plaintiff is liable to Pioneer, as a matter of law, for coverage under the bonds. Subject to certain limitations, the bonds provided coverage to Pioneer for losses that were caused by the dishonest or fraudulent activities of its employees. Defendant contends that Pioneer's directors discovered losses caused by the wrongful acts of its employees and that the fidelity bonds provide Pioneer with coverage for those losses.

## II. SUMMARY JUDGMENT STANDARDS

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The court must examine the factual record and reasonable inferences therefrom in a light most favorable to the party who opposes summary judgment. *Applied Genetics Int'l Inc. v. First Affiliated Sec., Inc.*, 912 F.2d 1238, 1241 (10th Cir.1990).

The defendant, as the moving party, has the initial burden of showing "that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986). Once the moving party meets this burden, the burden shifts to the plaintiff to identify specific facts that show the existence of a genuine issue of material fact. *Bacchus Indus., Inc. v. Arvin Indus., Inc.*, 939 F.2d 887, 891 (10th Cir. 1991). The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256, 106 S.Ct. 2505, 2514, 91 L.Ed.2d 202 (1986). Plaintiff's burden is to ' "present sufficient evidence in specific, factual form for a jury to return a verdict in that party's favor." ' *Thomas v. International Business Machines*, 48 F.3d 478, 484 (10th Cir.1995)

(quoting *Bacchus Indus., Inc.*, 939 F.2d at 891). Plaintiff cannot rely on conclusory allegations to defeat a properly supported motion for summary judgment. *White v. York International Corp.*, 45 F.3d 357, 363 (10th Cir.1995).

## III. UNCONTROVERTED FACTS

The uncontroverted facts of this case have been established by the plaintiff in accordance with D.Kan.Rule 56.1. The uncontroverted facts are summarized as follows:

Plaintiff issued two Financial Institution Bonds to Pioneer. The first bond covered the period July 1, 1991, to July 1, 1992, and the second covered the period July 1, 1992, to July 1, 1993. By its terms, the second bond cancelled the coverage provided under the first bond.

The bonds that plaintiff issued Pioneer were fidelity bonds. A fidelity bond provides coverage for "[l]osses resulting directly from dishonest or fraudulent acts committed by an Employee acting alone or in collusion with others." Pioneer's fidelity bonds also were discovery-type bonds. A fidelity discovery bond provides coverage only for those losses that the insured discovers while the bond is in effect. Section 3 of Pioneer's fidelity bond agreement ("bond agreement") requires that the:

> loss [be] discovered by the Insured during the Bond Period. Discovery occurs when the Insured first becomes aware of facts which would cause a reasonable person to assume that a loss of a type covered by this bond has been or will be incurred, regardless of when the act or acts causing or contributing to such loss occurred, even though the exact amount or details of loss may not then be known.

If Pioneer discovered a loss covered by the bond, the bond agreement required Pioneer to provide plaintiff with notice of the loss and proof of the loss. Section 5 of the bond agreement provides that:

> (a) At the earliest practicable moment, not to exceed 30 days, after discovery of loss, the Insured shall give the Underwriter notice thereof.

> (b) Within 6 months after such discovery, the Insured shall furnish to the Underwriter proof of loss, duly sworn to, with full particulars.

Pursuant to the bond agreement's provisions, Pioneer sent plaintiff a notice of loss letter on April 2, 1993. In that letter, Pioneer stated that it had discovered facts leading it to believe that a loss of the type covered by its fidelity bond had or might have occurred.

On April 3, 1993, defendant became receiver of Pioneer. Under Section 12 of the bond agreement, the bond terminated as an entirety upon "the taking over of the Insured by a receiver or other liquidator or by State or Federal officials . . . ." Thus, plaintiff must provide Pioneer coverage only for those losses that Pioneer discovered between July 1, 1992, the date the bond was issued, and April 3, 1993.

Plaintiff responded to Pioneer's April 2, 1993, notice of loss letter. In its response, plaintiff informed defendant that Pioneer's notice of loss was vague because it failed to refer to any actual discovery of a loss. Plaintiff requested clarification from defendant on the loss that Pioneer allegedly suffered. Additionally, plaintiff enclosed a proof of loss form and informed defendant that it should timely file its proof of loss pursuant to the provisions of the bond agreement. Defendant did not respond to plaintiff's request for clarification regarding Pioneer's loss until it submitted Pioneer's proof of loss in May 1995, more than twenty-five months after Pioneer alleges that it discovered the loss.

## IV. DISCUSSION

Plaintiff advances four theories to support its current motion. First, plaintiff contends that defendant's failure to submit its proof of loss within six months of discovering the loss, as required by the bond agreement, relieves plaintiff of liability on the bond. Plaintiff next argues that defendant's claim under the bond is a compulsory counterclaim in this action that defendant waived by not including the claim in its Answer. Plaintiff further maintains that the losses that Pioneer's directors discovered are not covered by the bond. Finally, plaintiff claims that defen-

dant's assertion that Pioneer's directors may have discovered the losses prior to the time plaintiff provided bond coverage discharges its liability under the bond.

The court first addresses plaintiff's claim that it is not liable for payment under the bond because defendant did not timely submit Pioneer's proof of loss. Plaintiff contends that the bond agreement's proof of loss provision is a condition precedent to coverage under the bond. Pursuant to the bond agreement, Pioneer had to submit its proof of loss within six months of discovering the loss. Defendant submitted Pioneer's proof of loss twenty-five months after discovery of the loss. Plaintiff claims that defendant's delinquent submission of Pioneer's proof of loss automatically terminates coverage under the bond.

Defendant responds that failure to adhere to a proof of loss deadline does not relieve plaintiff of its obligation to provide coverage under the bond. Defendant argues that the court should apply the notice-prejudice rule under Kansas law to determine whether its noncompliance with the proof of loss requirement defeats coverage. The notice-prejudice rule requires a party to demonstrate that a delay in receiving a notice of loss or a proof of loss caused it substantial prejudice before it can deny coverage. Defendant asserts that its delay in submitting Pioneer's proof of loss did not cause plaintiff to suffer substantial prejudice. Thus, defendant contends that plaintiff cannot deny coverage under the bond.

■ As a preliminary matter, the court must decide whether federal law or Kansas law applies to this issue. The court notes that the parties have assumed, without discussion, that Kansas law governs.[2]

The Financial Institutions Reform, Recovery, and Enforcement Act of 1989 ("FIRREA") provides the court with subject matter jurisdiction in this matter. 12 U.S.C. § 1441a(*l*)(1). In a civil action involving the Resolution Trust Corporation, the court has subject matter jurisdiction because the action

is "deemed to arise under the laws of the United States...." *Id.*

■ Generally, when the court's federal question jurisdiction is invoked, federal law applies. However, this action involves an issue of contract interpretation, and there is no federal common law. *O'Melveny & Myers v. FDIC,* —— U.S. ——, ——, 114 S.Ct. 2048, 2053, 129 L.Ed.2d 67 (1994). Absent a conflict between state and federal policy, the court must apply a state's substantive law. *Id.* Additionally, because defendant is involved in this action as Pioneer's receiver, it assumes the rights and responsibilities of Pioneer. Thus, any claims made against Pioneer under state law would equally apply to defendant. *Id.* at ——, 114 S.Ct. at 2054; *see also, Maryland Nat'l Bank v. Resolution Trust Corp.,* 895 F.Supp. 762, 770 (D.Md.1995) (court applied Maryland law to plaintiff's fraud claim).

■ Although this case does not involve traditional diversity jurisdiction, the court will apply the choice of law rules consistent with that type of action. *Facemire v. Konover Management South,* 804 F.Supp 1465, 1468 (S.D.Ala.1992) (applied diversity jurisdiction choice of law rules in action involving Resolution Trust Corporation). A court hearing a diversity action applies the law of the state where it sits. *Day & Zimmermann, Inc. v. Challoner,* 423 U.S. 3, 96 S.Ct. 167, 46 L.Ed.2d 3 (1975); *Klaxon Co. v. Stentor Electric Mfg. Co.,* 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941). For issues involving the interpretation of an insurance contract, Kansas uses the law of the place where the beneficiary resides. *Alliance Life Ins. Co. v. Ulysses Volunteer Fireman's Relief Ass'n,* 215 Kan. 937, 929–41, 529 P.2d 171 (1974). As discussed below, Kansas courts treat the issuer of a fidelity bond as an insurer. Because Pioneer, the beneficiary of the fidelity bond, resided in Kansas, the court will apply Kansas law to determine the effect of defendant's noncompliance with the

---

**2.** Although the parties' failure to address the choice of law issue operates as a waiver of any objections they might have to the court's decision, the court is compelled to make a complete

record on the current motion. *See Maryland Nat'l Bank v. Resolution Trust Corp.,* 895 F.Supp. 762, 770 (D.Md.1995).

proof of loss requirements under Pioneer's fidelity bond.

 The current motion presents an issue of first impression for the court. Kansas courts have not addressed whether the notice-prejudice rule which applies to notice of loss provisions of a fidelity bond would also apply to the bond's proof of loss requirement. As the court previously stated, if the notice-prejudice rule applies, plaintiff would have to demonstrate that it suffered substantial prejudice from defendant's delay in submitting Pioneer's proof of loss statement before it can deny coverage.

A fidelity discovery bond typically requires the insured to provide the issuer with two types of notice. The insured first must comply with a notice of loss provision. This provision requires the insured to provide the issuer with notice of the loss within a certain time after the insured discovers the loss. The insured next must comply with a proof of loss provision. Under this provision, the insured must submit a proof of loss statement detailing its claim for recovery within a specified time after discovery of the loss.

 As a general rule, Kansas courts apply the notice-prejudice rule to notice of loss provisions in both insurance contracts and fidelity bonds. *See, e.g., School Dist. No. 1 v. McCurley*, 92 Kan. 53, 142 P. 1077 (1914) (late notice under contractor's surety bond did not defeat recovery absent showing of prejudice). Defendant argues that the notice-prejudice rule also applies to a proof of loss notice provision. The court disagrees.

 Kansas courts have not extended the notice-prejudice rule to cover noncompliance with proof of loss provisions in insurance contracts. *See, e.g., Bowling v. Illinois Banker's Life Ass'n*, 141 Kan. 377, 41 P.2d 1012 (1935); *Brown v. Great American Ins. Co. of N.Y.*, 170 Kan. 281, 224 P.2d 989 (1950) (insurer rightfully denied coverage after insured failed to comply with insurance contract requirement that he submit a proof of loss within sixty days of loss); *Lyon v. Kansas City Fire & Marine Ins. Co.*, 176 Kan. 411, 271 P.2d 291 (1954) (insurer could deny coverage for insured's noncompliance with proof of loss provision of insurance contract).

In *Lyon*, 271 P.2d at 294, the Kansas Supreme Court stated that compliance with an insurance contract's proof of loss requirement is a condition precedent to the insured recovering under the contract. Absent a waiver of the proof of loss requirement, an insured's failure to timely submit a proof of loss statement permits the insurer to deny coverage without showing that the delay caused it substantial prejudice. *Id.*

Plaintiff claims that the Kansas Supreme Court's rationale for not extending the notice-prejudice rule to cover proof of loss provisions in insurance contracts also applies to a proof of loss provision in a fidelity bond. Plaintiff argues that defendant's compliance with the fidelity bond's proof of loss requirement was a condition precedent to recovering for losses under the bond. The bond agreement required Pioneer to submit a proof of loss within six months of discovering the loss. Defendant submitted Pioneer's proof of loss statement twenty-five months after Pioneer discovered the loss. Thus, plaintiff contends that it can deny coverage under the bond because defendant failed to comply with a condition precedent to coverage—submitting its proof of loss within the required time.

Defendant contends that existing, older Kansas insurance law does not apply in this action. Defendant argues that insurance actions are not analogous to the instant action because this action involves a fidelity bond's proof of loss requirements. Defendant maintains that the court is not bound by existing Kansas law and could apply the notice-prejudice rule.

In support, defendant argues that Kansas courts have applied the notice-prejudice rule in fidelity discovery bond actions involving the bond's notice of loss provisions. *See, e.g., Local No. 1179 v. Merchants Mut. Bonding Co.*, 228 Kan. 226, 613 P.2d 944, 947 (1980); *Home Life Ins. Co. v. Clay*, 11 Kan.App.2d 280, 719 P.2d 756 (1986); *Security Nat'l Bank of Kansas City v. Continental Ins. Co.*, 586 F.Supp. 139 (D.Kan.1982) (applying Kansas law). In *Local No. 1179*, 613 P.2d at 947, the court noted that the notice of loss provision in a fidelity discovery bond operated as a condition precedent to enforceable coverage. The court opined that a breach of this condition precedent would not relieve the

**1408**

issuer of liability under the bond unless the bond contained an express forfeiture clause. *Id.; Phico Ins. Co., v. Providers Ins. Co.,* 888 F.2d 663, 668 (10th Cir.1989) (applying Kansas law, court found that failure to satisfy the condition precedent notice requirement did not defeat coverage unless the bonding agreement contained an express forfeiture clause); *Republic County v. United States Fidelity & Guaranty Co.,* 96 Kan. 255, 258, 150 P. 590 (1915) ("[n]otice of default and notice of final payment are not cast-iron conditions precedent to liability, but are reasonable reservations made to afford the insurer an opportunity to protect itself against loss").

Based on the court's analysis in *Local No. 1179,* defendant argues that Kansas courts would not apply the proof of loss rule from *Brown* and *Lyon* to the proof of loss requirement in a fidelity bond. Instead, defendant maintains that a Kansas court would extend the notice-prejudice rule to a fidelity bond's proof of loss requirement. The court disagrees.

Defendant's analysis blurs the distinction between a bond's notice of loss provisions and its proof of loss provisions. As the court stated previously, Kansas courts have applied the notice-prejudice rule in insurance actions where the insured failed to comply with a notice of loss provision. Kansas courts, however, have not extended the notice-prejudice rule in insurance actions where the insured was delinquent in submitting a proof of loss statement. The court concludes that Kansas courts would make a similar demarcation in a fidelity bond action.

Defendant further argues that Kansas court decisions on insurance contracts are not analogous to the instant action because the issuer of a fidelity bond is not the equivalent to the insurer of an insurance contract. The court notes that this distinction bears no impact on its analysis. Under Kansas law, a surety for a fidelity bond functions in a capacity similar to that of the insurer under an insurance contract. *See Republic County v. United States Fidelity & Guaranty Co.,* 96 Kan. 255, 258, 150 P. 590 (1915) (the bonds that a surety issues "are to be interpreted to accomplish indemnity against loss sustained"). Like an insurer, a bonding company is a compensated surety that indemnifies the insured for covered loss-

es. Thus, the court concludes that plaintiff functions in a capacity similar to that of an insurer.

The court finds that defendant failed to comply with the bond's requirement that it submit its proof of loss within six months of Pioneer's discovery of the loss. Under Kansas law, the court concludes that defendant's failure to submit Pioneer's proof of loss statement within the required time was a condition precedent to recovering for Pioneer's losses under the bond. Thus, plaintiff may deny coverage under the fidelity bond for defendant's noncompliance with the bond's proof of loss requirements. On this issue, the court concludes that, as a matter of law, plaintiff is entitled to summary judgment.

Because the court finds summary judgment appropriate based on defendant's failure to comply with the fidelity bond's proof of loss requirements, the court need not address the remaining issues raised by the parties.

IT IS, THEREFORE, BY THE COURT ORDERED that plaintiff's motion (Doc. 67) for summary judgment is granted.

Copies of this order shall be mailed to counsel of record for the parties.

**IT IS SO ORDERED.**