**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 30 1998**

**PATRICK FISHER**
**Clerk**

PUBLISH

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH
PENNSYLVANIA,

     Plaintiff-Appellee,

v.

FEDERAL DEPOSIT INSURANCE
CORPORATION, as successor to the
Resolution Trust Corporation, as receiver
for Pioneer Savings and Loan Association,
and as conservator of Pioneer Federal
Savings and Loan Association,

     Defendant-Appellant.

No. 96-3204

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**
**(D.C. No. 94-2088-GTV)**

---

Gregory E. Gore, Counsel (Ann S. DuRoss, Assistant General Counsel, Thomas L. Hindes,
Senior Counsel, Federal Deposit Insurance Corporation, with him on the brief), Washington,
D.C., for Defendant-Appellant.

Charles M. Thomas (Charles H. Stitt and Kenton E. Snow with him on the brief), of Craft
Fridkin & Rhyne, Kansas City, Missouri, for Plaintiff-Appellee.

---

Before **BRORBY, HOLLOWAY,** and **EBEL**, Circuit Judges.

---

**PER CURIAM.**

_____

This is an appeal from a summary judgment entered in favor of an insurer in a declaratory judgment action. The district court held that due to the late filing of proof of loss, recovery was barred under fidelity bonds issued to the savings and loan association. National Union Fire Insurance Co. v. FDIC, 923 F. Supp. 1402 (D. Kan. 1996). The Federal Deposit Insurance Corporation (FDIC), as successor to the receiver for the savings and loan association, appealed.

Under the Uniform Certification of Questions of Law Act, K.S.A. 60-3201, *et seq.*, we certified to the Kansas Supreme Court the following question: "Does the failure by an insured to provide a proof of loss within the limit provided by a fidelity bond of the type involved here justify denial of coverage under the bond without the insurer showing that it has been substantially prejudiced by the untimely proof of loss?" The Supreme Court of Kansas, on the facts submitted to it by our court in the certification, held that the answer under Kansas law is "No." National Union Fire Insurance Company of Pittsburgh, Pennsylvania v. Federal Deposit Insurance Corporation, 957 P.2d 357 (Kan. 1998).

In light of the response under Kansas law, which controls, the summary judgment entered in the instant case by the district court must be vacated, and the case must be remanded to that court for reconsideration and further proceedings.

It is so ordered and the mandate shall issue forthwith.